*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
DALY, KISOR, and FLINTOFT
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Jared C. SIMMS**
Private (E-1), U.S. Marine Corps
*Appellant*

**No. 202400341**

_____

Decided: 5 November 2025

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Eric A. Catto

Sentence adjudged 28 May 2024 by a special court-martial tried at Marine Corps Base Hawaii consisting of a military judge sitting alone. Sentence in the Entry of Judgment: a bad-conduct discharge.[1]

For Appellant:
*Lieutenant Commander James P. Andrews, JAGC, USN*

_____

[1] Appellant was credited with having served 84 days of pretrial confinement.

For Appellee:
*Lieutenant Colonel Allison Acosta, USMCR*
*Lieutenant Lan T. Nguyen, JAGC, USN*
*Lieutenant K. Matthew Parker, JAGC, USN*

Judge FLINTOFT delivered the opinion of the Court, in which Chief
Judge DALY and Senior Judge KISOR joined.

_____

**This opinion does not serve as binding precedent, but it
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

FLINTOFT, Judge:

A military judge sitting as a special court-martial convicted Appellant, consistent with his pleas, of one specification of wrongful use of marijuana and one specification of wrongful possession of marijuana, in violation of Article 112a, Uniform Code of Military Justice (UCMJ).[2] The military judge sentenced Appellant to a bad-conduct discharge consistent with Appellant's plea agreement.

Appellant asserts one assignment of error: that the bad-conduct discharge is plainly unreasonable based on the nature of the offense, his trauma associated with being a victim of a stabbing, and his sincere remorse. We disagree and affirm.

## I. BACKGROUND

At the time of the offenses, Appellant was stationed at Marine Corps Base Hawaii and had previously pleaded guilty at a summary court-martial held on 10 January 2024 to wrongful use of lysergic acid diethylamide and two specifications of wrongful use of marijuana in violation of Article 112a, UCMJ, as well as one specification of disorderly conduct in violation of Article 134.[3] Pursuant to the plea agreement at his summary court-martial, Appellant waived his right to an administrative separation board.[4]

_____

[2] 10 U.S.C. § 912a.

[3] Def. Ex. B.

[4] Def. Ex. B at 1.

In the period between the misconduct that led to the summary court-martial and the summary court-martial hearing, Appellant was involved in an unrelated altercation during which he was stabbed and required hospitalization, including the need for a chest tube for a punctured lung.[5] During his summary court-martial, Appellant expressed concern with the possibility of being confined because of his injuries sustained from the stabbing.[6] The summary court-martial sentenced Appellant to a reduction-in-grade to E-1 and forfeiture of 2/3 pay for one month.

On 4 March 2024, while Appellant was waiting to be administratively separated, his wife reported concerns about Appellant's well-being and requested law enforcement conduct a wellness check.[7] This led to a series of discoveries and events that resulted in Appellant being placed into pretrial confinement based on allegations he violated a military protective order by coming within 50 feet of his wife and home, as well as for the wrongful use and possession of a controlled substance.

On 8 May 2024, Appellant, with the assistance of his counsel, negotiated a plea agreement and voluntarily pleaded guilty to the wrongful use and possession of marijuana. In exchange, the convening authority agreed to limit the sentence to only a bad-conduct discharge,[8] and to withdraw and dismiss an additional charge and two specifications that alleged violations of military protective orders.

Following a providence inquiry, the military judge accepted Appellant's plea and found him guilty of one specification of wrongful use of marijuana and one specification of wrongful possession of marijuana in violation of Article 112a.[9] During the plea colloquy, the military judge confirmed that Appellant fully understood, and discussed with his defense counsel, the plea agreement and its terms, to include an explanation of the sentence limitation portion of the agreement and the understanding of a mandatory sentence of a

---

[5] Def. Ex. C at 7.

[6] Def. Ex. B at 6.

[7] Pros. Ex. 6 at 2.

[8] While the maximum sentence in this case was limited to the jurisdiction of the special court-martial, Article 112a(d)(1)(b), provides that the maximum punishment for marijuana (possession of less than 30 grams or use) is a dishonorable discharge, forfeiture of all pay and allowances, and confinement for 2 years.

[9] R. at 43.

bad-conduct discharge.[10] The military judge ultimately found the plea agreement to be legally sound and accepted it.[11] Consistent with the plea agreement, the military judge sentenced Appellant to a bad-conduct discharge.

Before sentencing, the military judge acknowledged his limited discretion and confirmed that he had previously reviewed exhibits submitted by both the prosecution and defense.[12] Although Appellant now claims that the military judge expressed frustration over his lack of discretion, we note that the military judge had the option to issue a clemency recommendation but chose not to do so.

## II. DISCUSSION

Appellant raises one assignment of error contending his sentence to a bad-conduct discharge was plainly unreasonable based on the nature of the offense, Appellant's trauma associated with his stabbing, and his sincere remorse. The Government contends that Appellant's bargained-for sentence was not plainly unreasonable as it fell below the sentencing parameter for Article 112a violations, and, pursuant to Article 53a, UCMJ, the military judge did not have discretion to reject the plea agreement.

Congress amended Article 66, UCMJ, in the National Defense Authorization Act for Fiscal Year 2022, adjusting the lens through which Courts of Criminal Appeals (CCAs) review sentencing.[13] Specifically, allowing for CCAs to evaluate sentences for UCMJ offenses occurring on or after 28 December 2023 as to ". . . whether the sentence is plainly unreasonable . . . ."[14]

Because the "plainly unreasonable" standard for sentence appropriateness review is a matter of first impression, this Court recognizes that there is currently no military case law analyzing the standard that appellate courts should apply to determine whether a sentence is plainly unreasonable. However, we leave for another day the question of whether, and to what extent, the scope of our legal review of a negotiated-for sentence has changed in light of the statutory change to Article 66, UCMJ. That is because, under these facts, we have

---

[10] R. at 38-39.

[11] R. at 41.

[12] R at 54-55.

[13] We acknowledge that Article 66, UCMJ "should be approved" review authority for consideration of sentences was modified to violations of the UCMJ offenses on or after 28 December 2023. *See* National Defense Authorization Act for Fiscal Year 2022, Pub. L. No. 117-81, §539E, 135 Stat. 1541, 1700-06 (2021).

[14] 10 U.S.C. § 866(e)(1)(D).

no trouble concluding that the adjudged sentence was not "plainly unreasonable" under any standard. This is especially true in this case as not only was Appellant a recidivist, but a bad-conduct discharge is precisely and exclusively what Appellant bargained for in his plea agreement.[15] In fact, it is clear trial defense counsel believed similarly in that his sentencing argument began as follows: "[a] bad-conduct discharge and a federal drug conviction is the appropriate sentence in this case."[16]

In summary, after careful consideration of the record and briefs of appellate counsel, we do not believe this sentence of a bad-conduct discharge, as bargained for by Appellant and the convening authority was unreasonable, let alone plainly unreasonable.

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

MARK K. JAMISON
Clerk of Court

---

[15] *See generally United States v. Avellaneda*, 84 MJ 656, (N-M Ct. Crim. App. 2024), in which this Court provided, "although not dispositive, when an accused who is represented by competent counsel bargains for a specific sentence, that is strong evidence that the sentence is not inappropriately severe and it will likely not be disturbed on appeal." Similarly here, Appellant freely entered into his plea agreement because he (and his counsel) were satisfied with the terms.

[16] R. at 52.